Basil P. Fthenakis, Esq. (88399)
CRITERION LAW
2225 E. Bayshore Road, Suite 200
Palo Alto, California  94303
Tel. (650) 352-8400
Fax. (650) 352-8408
bpf@criterionlaw.com

Of counsel:

David S. Godkin
James E. Kruzer
BIRNBAUM & GODKIN, LLP
280 Summer Street
Boston, MA 02210
(617) 307-6100
godkin@birnbaumgodkin.com
kruzer@birnbaumgodkin.com

Attorneys for Plaintiff,
SIX4THREE, LLC, a Delaware
limited liability company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIX4THREE, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> FACEBOOK, INC., a Delaware corporation, <br><br> MEDIA TEMPLE INC., a Delaware corporation, <br><br> Defendants. | Case No. 3:16-cv-06716-JCS <br><br> DECLARATION OF DAVID S. GODKIN IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER |

I, David S. Godkin, declare:

1. I am an attorney representing Six4three, LLC ("643") in the above-captioned action. I am not admitted to practice in the Northern District of California, but I intend to move for admission *pro hac vice* for this matter.

2. I submit this Declaration in satisfaction of Fed. R. Civ. P. 65(b)(1)(B) to certify the efforts I have made to give notice of the Plaintiff's Motion for a Temporary Restraining Order to the Defendants.

3. On December 20, 2016, I sent the Complaint by electronic mail to Sonal Mehta, Esq., Laura Miller, Esq., and Catherine Kim of the Durie Tangri firm, which represents defendant Facebook, Inc. in a lawsuit filed by 643 against Facebook in the Superior Court of California, County of San Mateo.

4. On December 21, 2016, Facebook's counsel, Laura Miller, contacted me and asked me for further information about 643's allegations. She also represented that Facebook "does not intend to pursue any enforcement action against the FacebookAppsEconomy.com site at this time." In response, I sent the notice sent to 643 on December 20, 2016 by Media Temple, which states that based on a complaint from Facebook, the site will be disabled within 24 hours. I asked Facebook's attorney to explain why Media Temple sent the notice based on a complaint from Facebook if Facebook had suspended all activity against the site. I informed Facebook's counsel that 643 would consider holding off with efforts to obtain temporary and preliminary injunctive relief if she immediately provide Facebook's commitment to instruct Media Temple not to disable or otherwise interfere with the site. Facebook's counsel responded by informing me that counsel was looking into the matter and would provide a response shortly.

As of the time the motion papers were filed, I did not received a further response from Facebook's counsel.

5. On December 21, 2016, I notified defendant Media Temple Inc. that 643 had filed a First Amended Complaint in this Court naming Media Temple Inc. as a defendant following receipt by 643 of an email from Media Temple threatening to disable the www.facebookappseconomy.com website which is hosted by Media Temple. I notified Media Temple that unless I received Media Temple's immediate commitment to refrain from taking any action to disable or otherwise interfere with the site, 643 would seek a temporary restraining order and preliminary injunction. I asked Media Temple to contact me, or have its attorney contact me.

6. On December 22, 2016, 643 received the notice attached hereto as Exhibit A from Media Temple, Inc. notifying 643 that the website had been suspended.

7. On December 22, 2016, I sent the First Amended Complaint and temporary restraining order motion papers by email to legal@mediatemple.net. I asked Media Temple to contact me, or have its attorney contact me.

8. As of the time of filing, I have not been contacted by Media Temple or its counsel.

9. On December 22, 2016, I sent the First Amended Complaint and temporary restraining order motion papers by email to Facebook's attorneys at Durie Tangri.

10. I will notify Facebook's attorneys and Media Temple of the time and place for the hearing on Plaintiff's Motion for a Temporary Restraining Order when the Court provides that information.

11. I declare the foregoing to be true and correct as of the date listed immediately below.

DATED: December 22, 2016

                By: /s/ David S. Godkin
                    David S. Godkin
                    Birnbaum & Godkin, LLP

# EXHIBIT A

On 12/20/2016 we notified you about the trademark infringement complaint we received in reference to your (mt) Media Temple hosted website, facebooksappeconomy.com (the "Subject Site"). In that notice, we asked that you please remove all references to the Facebook Mark on the Subject Site and elsewhere on our systems. You were cautioned that if you failed to act (within 24 hours of our notice) to remove all references to the Facebook Mark on the Subject Site and our systems, we would be forced to entirely suspend access to the Subject Site until such time as you have confirmed, and we have verified your full compliance with the request.

At this writing, it appears that you have not acted to remove the Facebook Mark from the Subject Site and our systems. Accordingly, we have been forced to suspend access to the Subject Site and you are NOT PERMITTED to re-enable or otherwise restore access to the Subject Site until such time as all of the following conditions have been satisfied to our satisfaction:

1. Completely remove all instances of the Facebook Mark from the Subject Site and our systems (particularly, but not limited to, at https://www.facebooksappeconomy.com/ ); and
2. Cease all use of the Facebook Mark on the Subject Site and our systems; and
3. Update this support request in the (mt) Media Temple AccountCenter confirming ALL of the following: (i) you have satisfied condition 1 above; (ii) you intend to cease all use of the Facebook Mark on the Subject Site and our systems going forward and (iii) you have read this and all prior related notices and you agree to strictly and immediately adhere to any future notices we may send to you, related or unrelated.

Upon receipt of your written confirmation pursuant to the above, we may reinstate the Subject Site and/or the Hosting Services.

BE ADVISED, if we discover or are otherwise made aware that you have re-enabled or otherwise restored access to the Subject Site without first satisfying conditions 1-3 above, we will consider your action willful and deliberate violation of our policies and the terms of this notice. In such case, be advised, your account may be terminated without prior notice. We sincerely hope it does not come to that.