# EXHIBIT 8

# DurieTangri

Laura Miller
415-362-6666 (main)
lmiller@durietangri.com

December 23, 2016

**VIA EMAIL**

| | |
|---|---|
| David S. Godkin | Basil P. Fthenakis |
| James Kruzer | CRITERION LAW |
| BIRNBAUM & GODKIN, LLP | 2225 E. Bayshore Road, Suite 200 |
| 280 Summer Street | Palo Alto, CA 94303 |
| Boston, MA 02210 | bpf@criterionlaw.com |
| godkin@birnbaumgodkin.com | |
| kruzer@birnbaumgodkin.com | |

Re:   *Six4Three, LLC v. Facebook, Inc. & Media Temple Inc.*
       Case No. 3:16-cv-06716

Dear Counsel:

I write regarding Six4Three's Motion for a Temporary Restraining Order ("Motion") in the Northern District of California. As we explained to you prior to you filing your Motion, Facebook never requested that anyone take down the current incarnation of the facebooksappeconomy.com site (the "site") and has no intention of pursuing any enforcement action against the site at this time. Indeed, within twenty-four hours of Six4Three notifying Facebook that Six4Three's service provider was threatening to take down the site, Facebook contacted that service provider—a third party with whom Facebook was not in direct contact—and requested that they immediately reinstate the site and cease any further action against the site. At all times, Facebook acted in good faith to promptly resolve any issues that Six4Three brought to its attention. Six4Three, on the other hand, appears only to be interested in keeping this baseless case alive, wasting both the Court's and Facebook's resources on a manufactured controversy.

Put simply, there is no legitimate basis for either Six4Three's Declaratory Judgment Complaint or its Motion for a Temporary Restraining Order, and Six4Three was on notice of this prior to filing. If Six4Three does not dismiss the First Amended Complaint and withdraw its motion by Monday, December 26, 2016, Facebook will seek sanctions, including attorneys' fees. We are aware that this deadline may intrude upon the holiday weekend, but that is a problem of Six4Three's own making.

While we have already provided you with substantially all of this information, in order to aid your decision, a full timeline of the events related to Six4Three's Complaint and Motion are below.

December 23, 2016
Page 2

Every year, thousands of domain names are registered by third parties containing Facebook's trademarks. In order to protect its trademarks, Facebook works with a company, MarkMonitor, that specializes in monitoring new domain name registrations. As part of this protection effort, MarkMonitor sent a notice to Six4Three on November 11, 2016 that the domain name "facebooksappeconomy.com" contained the famous Facebook trademark. Rather than contacting MarkMonitor or Facebook directly regarding this email, Six4Three filed its Complaint for Declaratory Judgment ten days later, on November 21, 2016. Facebook was only made aware that MarkMonitor had contacted Six4Three when Six4Three provided Facebook's outside counsel with a copy of the Complaint.

Directly contrary to the allegations in the Complaint, the site at the time was not "an information resource for software developers . . . that have been impacted by Facebook's unfair and deceptive practices," nor was it "a forum for increase public awareness of the harm caused by a lack of regulation in application economies." When Six4Three filed its Complaint, and for several weeks thereafter, the site contained nothing more than a plain blue background with Facebook's mark (in the same font and coloring as Facebook's logo) and Facebook's Thumb logo, which is also a federally registered trademark:



Your suggestion that Facebook was attempting to chill speech by protecting its marks is not well taken. As a threshold matter, Facebook has not filed any lawsuit against Six4Three, making your arguments relating to anti-SLAPP rules and fee-shifting simply inapplicable.

In any case, Six4Three is of course free to engage in protected speech, but it is not free to use Facebook's trademarks in an infringing manner. Nothing about the image above or the domain "facebooksappeconomy.com" makes it "evident" that the site has no commercial purpose. Individually and taken together, the URL, header, and marks of the site created a substantial likelihood of confusion

December 23, 2016
Page 3

and diluted Facebook's marks.  And, contrary to the allegations in the Complaint, the use of Facebook's trademarks in this manner is not fair use.  It is for this reason that MarkMonitor was alerted to the site and alerted Six4Three to these issues.

On December 2, 2016, nearly two weeks after Six4Three filed its Complaint with knowingly untrue descriptions of the then-existing site, Six4Three sent Facebook's outside counsel an email—"as a courtesy"—containing a new link "to the site described in 643's Complaint for Declaratory Judgment."  This was the first time that Six4Three allowed Facebook to review the site as it exists today.  Along with the link, Six4Three made several threats regarding what would happen unless Facebook capitulated in the lawsuit currently pending in San Mateo Superior Court.  According to the email, if Facebook did not agree to Six4Three's demands by December 15, 2016, it would "not engage in any further discussion with [Facebook] and [would] pursue at all costs the clarity it seeks from courts and regulators."  In so doing, Six4Three acknowledged that its plan was to "place a meaningful burden on Facebook's operations," apparently seeking to use that burden as leverage for a settlement.  Incredibly, Six4Three stated that even if it received an adverse outcome in the state court litigation it "would only further ignite 643's desire to engage the legal community around this important issue" and that "there can be no doubt this matter will continue for many years to come."  As a final signoff, you stated that "643 will not consider any requests to delay the 15 December deadline.  The matter will either be resolved entirely by 15 December, or not for many years."

Because they have nothing to do with the merits of the San Mateo Superior Court action, Facebook did not respond to Six4Three's threats.  On December 15, 2016, more than three weeks after Six4Three filed its Complaint, Six4Three transformed the site from the infringing site shown above to its so-called "gripe site."  Prior to this date, Facebook alerted MarkMonitor to cease any further enforcement actions against the site, and Facebook believed the matter to be resolved.  Unbeknownst to Facebook, on December 2, 2016, MarkMonitor sent an email to the service provider that hosted Six4Three's site, Media Temple, stating (accurately) that the domain name "facebooksappeconomy.com" contained the famous Facebook trademark without authorization from Facebook, and requesting that Media Temple suspend the domain.

On December 20, 2016 at 2:40 pm Pacific Time, you wrote to us with a vague allegation "that Facebook and others working in concert with it are actively engaged in efforts to take down the site."  You did not provide any details as to the efforts to take down the site.  Instead, you demanded that Facebook "cease and desist all such efforts" by noon Pacific Time the next day, or Six4Three would seek preliminary and temporary relief.  Because we were unaware of any such activity, we asked for additional details and expressly informed Six4Three that Facebook suspended any activity regarding the site once it was altered from the infringing site to the "gripe site" described in the November 21, 2016 Complaint.  We also expressly informed you that Facebook did not intend to pursue any enforcement action against the site at this time.

At approximately 1:36 p.m. on December 21, 2016, Six4Three for the first time provided Facebook with Media Temple's notice regarding its intent to disable the site unless Six4Three removed Facebook's

December 23, 2016
Page 4

trademarks. Prior to this email, Facebook was not aware that Media Temple was the service provider for the site. We promptly informed you that we were looking into the matter and would respond shortly. Despite Facebook's assurances that it would work with Six4Three to resolve any issues, Six4Three filed its Amended Complaint naming Media Temple as a party, rather than waiting for the promised response.

After conducting an investigation during the afternoon of December 21, 2016, Facebook contacted Media Temple directly for the first time regarding this matter, and requested that they reinstate the site and cease any other enforcement efforts. On December 22, 2016, Media Temple immediately complied with this request, and we confirmed that fact with you, believing the issue to be resolved. Instead of acknowledging that the issue was in fact resolved, you responded by sending us the TRO papers you had filed earlier in the morning.

Despite Facebook's repeated assurances that it does not intend to take any enforcement actions against the current incarnation of the site and cooperation in making sure that no third parties do so, Six4Three's persistence in pursuing this lawsuit and the TRO make clear that this action is nothing more than a attempt to create a dispute where none exists. There was never any legitimate basis to file the Declaratory Judgment Complaint or the Motion for a Temporary Restraining Order. Any concerns that Six4Three did have about the site could have been resolved with a simple email or phone call, which would have confirmed that there is no declaratory judgment jurisdiction. Please immediately withdraw your Motion and file a dismissal of the First Amended Complaint. Should Six4Three choose to pursue this meritless lawsuit and TRO further, Facebook will seek sanctions, including attorneys' fees, against Six4Three and/or its counsel.

Very truly yours,

Laura Miller