DURIE TANGRI LLP
SONAL N. MEHTA (SBN 222086)
smehta@durietangri.com
LAURA E. MILLER (SBN 271713)
lmiller@durietangri.com
CATHERINE Y. KIM (SBN 308442)
ckim@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:    415-362-6666
Facsimile:    415-236-6300

Attorneys for Defendant
Facebook, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SIX4THREE, LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>FACEBOOK, INC., and MEDIA TEMPLE, INC.,<br><br>　　　　　　　　　Defendants. | Case No. 4:16-cv-06716-PJH<br><br>**DEFENDANT FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION FOR JURSIDICTIONAL DISCOVERY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:　　March 8, 2017<br>Time:　　9:00 am<br>Ctrm:　　3, 3rd Floor<br>Judge:　Honorable Phyllis J. Hamilton |

# NOTICE OF MOTION AND MOTION

**TO THE COURT AND ALL COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on March 8, 2017 at 9 am in Courtroom 3 of the above-referenced court, located at 1301 Clay Street, Oakland, California, Defendant Facebook, Inc. ("Facebook") by its attorneys Durie Tangri LLP, will move and hereby move for an order requiring plaintiff Six4Three LLC ("Six4Three" or "Plaintiff") to provide jurisdictional discovery including limited document production and a Rule 30(b)(6) deposition of Six4Three.

This Motion is based upon this Notice of Motion and Memorandum of Points and Authorities in support thereof, the pleadings on file in this matter, the arguments of counsel, and all other material which may properly come before the Court at or before the hearing on this Motion.

## STATEMENT OF RELIEF SOUGHT BY DEFENDANT

Facebook seeks specific, narrowly-tailored jurisdictional discovery (including limited document production and a Rule 30(b)(6) deposition of Six4Three) relating to its concurrently-filed motion to dismiss for lack of subject matter jurisdiction.

i

DEFENDANT FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION FOR JURISDICTIONAL DISCOVERY AND MPA IN SUPPORT THEREOF / CASE NO. 4:16-CV-06716-PJH

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Concurrently herewith, Facebook has a filed a Motion To Dismiss For Lack Of Subject Matter Jurisdiction ("Motion to Dismiss"). The Motion to Dismiss explains that this Court does not have subject matter jurisdiction over Six4Three's claims for declaratory relief for two independent reasons: (1) there is no justiciable controversy; and (2) Six4Three has no standing to sue, even taking Six4Three's allegations as true. As explained therein, the Court can (and should) dismiss this case for either (or both) of those reasons and can do so on the current record.

However, in the event that the Court is not prepared to dismiss the Amended Complaint on the current record, Facebook requests that the Court permit focused jurisdictional discovery directed to Six4Three's standing to sue. As explained in the Motion to Dismiss, Six4Three's Amended Complaint is devoid of any factual allegation that Six4Three controls or maintains the Site such that it would have standing for the declaratory and injunctive relief it claims. Importantly, the failure to plead facts sufficient to establish standing appears not to be an accident. Based on information recently discovered in parallel state court litigation between the parties, Facebook's counsel is informed and believes that Six4Three does not have standing to sue and that the limited factual allegations in the Amended Complaint with respect to creation of the website at issue may be inaccurate. Because that evidence is subject to a protective order in the state court case and cannot be used in this proceeding, Facebook seeks this Court's leave to conduct limited jurisdictional discovery that would allow the Court to consider the threshold questions of standing and subject matter jurisdiction on a more complete record.

## II. STATEMENT OF FACTS

For readability, Facebook incorporates by reference, but does not repeat, the statement of facts in its concurrently filed Motion to Dismiss.

## III. JURISDICTIONAL DISCOVERY IS NECESSARY AND APPROPRIATE

"A district court is vested with broad discretion to permit or deny [jurisdictional] discovery." *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). Such discovery "should ordinarily be granted 'where pertinent facts bearing on the question of jurisdiction are controverted . . . or

1

DEFENDANT FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION FOR JURISDICTIONAL DISCOVERY AND MPA IN SUPPORT THEREOF / CASE NO. 4:16-CV-06716-PJH

where a more satisfactory showing of the facts is necessary.'" *Focht v. Sol Melia S.A.*, No. C-10-0906 EMC, 2010 WL 3155826, at *1-2 (N.D. Cal. Aug. 9, 2010) (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).  Accordingly, it has been observed that "it may be an abuse of discretion for a court to deny jurisdictional discovery where such discovery '*might* well demonstrate' jurisdictionally relevant facts and the plaintiff is denied the opportunity to develop the jurisdictional record."  *Calix Networks, Inc. v. Wi-Lan, Inc.*, No. C-09-06038-CRB (DMR), 2010 WL 3515759, at *3 (N.D. Cal. Sept. 8, 2010) (quoting *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003)).

Here, jurisdictional discovery is important to allow Facebook to investigate, and the Court to evaluate, the jurisdictionally relevant facts relating to whether Six4Three has standing.  As explained in Facebook's Motion to Dismiss, Six4Three's Amended Complaint does not allege facts sufficient to show that Six4Three owns the Site, would suffer injury from any alleged threats to take down the Site, and thus has standing to bring this suit.  *See* Mot. at Section III(B).  Thus, "a more satisfactory showing of the facts is necessary."  *Wells Fargo & Co.*, 556 F.2d at 430 n.24.  Of particular importance is the opportunity to consider the facts surrounding sworn deposition testimony that Facebook is currently prevented from presenting to the Court.  As explained in the Motion to Dismiss, just last Friday, January 13, 2016, Facebook's counsel took the deposition of Ted Kramer, who was Managing Director of Six4Three and now purports to be the sole member of Six4Three, LLC.  *See* Mot. at Section II(A).  This deposition was taken in Six4Three's state court lawsuit against Facebook.  During that deposition, Facebook's counsel questioned Mr. Kramer under oath about the creation, maintenance, and control of the Site.  Mr. Kramer's deposition testimony has been designated Highly Confidential under the protective order in the parallel state court case, and by that order's terms, may not be used in this proceeding.  Facebook seeks jurisdictional discovery that would allow Facebook to obtain documents and deposition testimony that relate to the same facts—the creation, maintenance, and control of the Site—that are essential for this Court to consider in resolving the standing inquiry.

### IV. FACEBOOK'S REQUEST FOR JURISDICTIONAL DISCOVERY SEEKS NARROWLY-TAILORED DISCOVERY

Facebook requests leave to issue the following, narrowly-tailored discovery:

**Document Requests**

1. The transcript of the January 13, 2016 deposition of Ted Kramer.

2. All documents relating to the ownership of the domain www.facebooksappeconomy.com at all times since its creation or April 10, 2015, whichever is later.

**Rule 30(b)(6)**

1. Purchase, creation, maintenance, and ownership of the domain www.facebooksappeconomy.com and the website at that address at all times since its creation or April 10, 2015, whichever is later.

**Timeline**

Because of its limited scope and threshold nature, Facebook requests an order that Six4Three shall respond to the discovery on an expedited time frame: (1) that Six4Three provide responsive documents within 14 days of the Court's order on this motion; and (2) that Six4Three make a corporate representative available for deposition within 21 days of the Court's order on this motion.

**V.   CONCLUSION**

Should the Court find the current record inadequate to grant Facebook's Motion to Dismiss, jurisdictional discovery is necessary and appropriate to allow Facebook to develop and the Court to evaluate the facts related to Six4Three's lack of standing to maintain this suit.

Dated: January 17, 2017                               DURIE TANGRI LLP

                                                By:   _____/s/ Laura E. Miller_____
                                                              LAURA E. MILLER

                                                      Attorneys for Defendant
                                                      Facebook, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2017 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

                                        */s/ Laura E. Miller*
                                        LAURA E. MILLER